IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON PEGG and KRISTINA PEGG,
husband and wife,

    Plaintiffs,

v.                               Civil Action No. 5:13CV173
                                          (STAMP)

NATHAN TYLER KLEMPA, individually and
in his capacity as agent and employee
of the City of Glen Dale Police Department
and GRANT HERRNBERGER, individually and
in his capacity as an agent and employee
of the West Virginia State Police,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR USE OF
SUPPLEMENTAL PRETRIAL JURY QUESTIONNAIRES**

On September 16, 2016, the plaintiffs filed a motion asking this Court to authorize the use of a supplemental jury questionnaire to aid jury selection in this civil action.[1] The defendant filed a response in opposition to this motion. For the following reasons, the plaintiffs' motion is denied.

I. Procedural History

The plaintiffs filed this civil action under 42 U.S.C. § 1983 asserting various claims arising out of a traffic stop, at which plaintiff Brandon Pegg was arrested, defendant Grant Herrnberger ("Herrnberger") frisked plaintiff Kristina Pegg, and defendant

---

[1] This Court notes that the plaintiffs filed their motion under Federal Rule of Criminal Procedure 24(a). While Criminal Rule 24(a) and Civil Rule 47(a) are substantively similar, this Court's authority to conduct voir dire is provided by the civil rule.

Nathan Tyler Klempa ("Klempa") searched Kristina Pegg's purse. This Court granted the defendants' motion for summary judgment as to all of the Peggs' claims. The Peggs appealed the judgment to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit reversed in part and remanded.

Specifically, the Fourth Circuit concluded that: (1) Herrnberger was not entitled to qualified immunity for the allegedly unlawful frisk of Kristina Pegg; (2) that Klempa was not entitled to qualified immunity for the unlawful search of Kristina Pegg's purse; (3) that the allegedly unlawful frisk of Kristina Pegg constituted a battery; and (4) that Herrnberger was not entitled to qualified immunity for that battery. The Fourth Circuit affirmed this Court's grant of summary judgement as to all other claims. The parties have since notified this Court that all claims against Klempa have been settled. Thus, the only outstanding claims are Kristina Pegg's unlawful detention and battery claims against Herrnberger for his frisk of her.

The plaintiffs have now filed a motion for the use of a supplemental jury questionnaire to aid jury selection in this civil action. Herrnberger filed a response in opposition to the motion.

## II. <u>Applicable Law</u>

Federal Rule of Civil Procedure 47(a) provides courts with broad discretion on the conduct of jury selection. "The court may permit the parties or their attorneys to examine prospective jurors

or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper." Fed. R. Civ. P. 47(a). Thus, "the form of voir dire questions to be submitted . . . is committed to the discretion of the district courts and there is of course no compulsion to [conduct voir dire in a manner] requested by counsel." Jones v. Wellham, 104 F.3d 620, 630 (4th Cir. 1997). "Abuse of discretion . . . occurs only if the [court's conduct of voir dire] . . . hinders a party's ability to make reasonable use of its [peremptory] challenges." Id.

### III. Discussion

The plaintiffs argue that use of a supplemental jury questionnaire is necessary to ensure that a fair jury is empaneled and will allow for more efficient jury selection. However, the plaintiffs fail to demonstrate that jury selection without the use of a supplemental jury questionnaire will hinder the plaintiffs' ability to make reasonable use of their peremptory challenges or that a fair jury cannot be selected without such procedure.

The plaintiffs argue that the use of a supplemental jury questionnaire is necessary here to ensure that prospective jurors candidly state whether they "will place undue weight on the testimony of a law enforcement officer merely because a witness is a law enforcement officer" because this case may "turn[] on the

testimony of a law enforcement officer." ECF No. 107-1 at 4. The plaintiffs rely on empirical and psychological studies arguing that potential jurors tend to be more candid in answering written questionnaires than they are in "answering questions in open court[] in front of their fellow jurors." Id.

However, a supplemental jury questionnaire is not necessary to ensure sincere responses from prospective jurors. This Court may during the conduct of the voir dire procedure meet with individual prospective jurors outside of the presence of the jury venire, with counsel present, to obtain further details from that prospective juror. Further, the plaintiffs have not submitted a proposed supplemental jury questionnaire and have not identified any specific information that they would seek in a questionnaire that could not be obtained through detailed voir dire. Accordingly, this Court believes that detailed voir dire and the ability to obtain detailed answers in confidence will be sufficient to ensure that a fair jury is empaneled.

## V. Conclusion

For the foregoing reasons, the plaintiffs' motion for use of a supplemental jury questionnaire (ECF No. 107) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     September 27, 2016

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE