IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRANDON PEGG and KRISTINA PEGG,
husband and wife,

    Plaintiffs,

v.                                     Civil Action No. 5:13CV173
                                                          (STAMP)
NATHAN TYLER KLEMPA, individually and
in his capacity as agent and employee
of the City of Glen Dale Police Department
and GRANT HERRNBERGER, individually and
in his capacity as an agent and employee
of the West Virginia State Police,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

      This is a civil rights action brought under 42 U.S.C. § 1983 and arising out of a frisk during a traffic stop.  This Court previously granted the defendants' motions for summary judgment and denied the plaintiffs' motion for partial summary judgment, concluding that the defendants were entitled to qualified immunity. On appeal, the United States Court of Appeals for the Fourth Circuit reversed in part and remanded this civil action to this Court for further proceedings.  As a result of the Fourth Circuit's decision, plaintiff Brandon Pegg's claims have been dismissed and plaintiff Kristina Pegg is the sole remaining plaintiff.  Kristina Pegg has settled her claims against defendant Nathan Tyler Klempa. Kristina Pegg has now filed a motion for partial summary judgment

as to her remaining claims against defendant Grant Herrnberger. For the following reasons, that motion is denied.

## I. Facts

On New Year's Eve in 2012, Brandon and Kristina Pegg were driving to a friend's house to attend a party. ECF No. 144-2 at 1-2. Brandon Pegg was driving and Kristina Pegg was his passenger. ECF No. 144-6 at 1. Officer Nathan Tyler Klempa ("Klempa") of the Glen Dale Police Department pulled the Peggs over citing a burned out license plate light. ECF Nos. 144-1 at 2; 145-1 at 3-4. Brandon Pegg was initially uncooperative, but eventually presented his driver's license and vehicle registration to Klempa. ECF No. 145-1 at 6-7. Klempa then returned to his vehicle to verify Brandon Pegg's identification and other documentation and requested backup. ECF No. 145-1 at 7. West Virginia State Police Troopers Grant Herrnberger ("Herrnberger") and William Beck arrived on the scene to assist. ECF No. 145-1 at 8-9.

Then, intending to show Brandon Pegg the burned out license plate light, Klempa ordered Brandon Pegg to exit the vehicle. ECF Nos. 144-3 at 2, 145-1 at 9-10. When Brandon Pegg refused, Klempa and Herrnberger forcibly removed Brandon Pegg from the vehicle, ECF Nos. 144-2 at 4-5; 144-3 at 3, handcuffed him, and placed him in the back of Klempa's cruiser. ECF Nos. 144-3 at 4-5; 144-4 at 1-3; 145-1 at 10-13. Kristina Pegg opened the passenger door and asked the officers if Brandon Pegg was being arrested, and the officers

2

stated that she did so again after they asked her to remain in the vehicle. ECF Nos. 144-4 at 3; 145-3 at 7-8.

Herrnberger then approached Kristina Pegg and requested her driver's license, which she produced. ECF No. 145-3 at 11. Herrnberger then ordered Kristina Pegg to exit the vehicle and to lift her shirt above her waistband so he could check for weapons, to which request she complied. ECF No. 144-4 at 4, 10; 145-3 at 12. Kristina Pegg testified in her deposition that Herrnberger then frisked her by running his palms from under her arms, down the sides of her chest and torso, and down her thighs. ECF No. 144-4 at 4; 145-3 at 18. Herrnberger testified at deposition that he did not recall frisking or touching Kristina Pegg. ECF No. 144-6 at 1; 145-4 at 3-4. Klempa testified at his deposition that he did not see Kristina Pegg lift her shirt or get frisked. ECF No. 145-1 at 13. Brandon Pegg testified in his deposition that he saw Kristina Pegg lift her shirt, but did not see Herrnberger frisk her. ECF No. 145-2 at 6. Klempa then searched Kristina Pegg's purse, ECF No. 145-3 at 4, and the officers searched the Peggs' vehicle, finding no contraband. ECF No. 145-3 at 19. After this encounter, the officers allowed Kristina Pegg to leave the scene in the vehicle, and arrested Brandon Pegg for obstructing an officer. Those charges were later dismissed. ECF No. 144-2 at 6-7.

The Peggs filed this civil action under 42 U.S.C. § 1983 asserting various claims arising out of the traffic stop. This

Court granted the defendants' motions for summary judgment as to all of the Peggs' claims and denied the plaintiffs' motion for partial summary judgment, concluding that the defendants were entitled to qualified immunity. The Peggs appealed the judgment to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit reversed in part and remanded.

Specifically, the Fourth Circuit concluded that at the summary judgment stage: (1) Herrnberger was not entitled to qualified immunity for the allegedly unlawful frisk of Kristina Pegg; (2) Klempa was not entitled to qualified immunity for the allegedly unlawful search of Kristina Pegg's purse; (3) the allegedly unlawful frisk of Kristina Pegg could constitute a battery; and (4) Herrnberger was not entitled to qualified immunity for that alleged battery. The Fourth Circuit affirmed this Court's grant of summary judgement for the defendants as to all other claims. Thus, the only remaining plaintiff is Kristina Pegg. She has since settled all claims against Klempa, and those claims have been dismissed as to that defendant. The only claims remaining are Kristina Pegg's unlawful detention and battery claims against Herrnberger for his frisk of her. The plaintiff then filed this motion for partial summary judgment as to Herrnberger's liability for the unlawful frisk and the battery claims.

II. Discussion

First, Herrnberger in response to this motion argues that the plaintiff's motion for partial summary judgment is barred under the mandate rule and the broader law of the case doctrine. "[I]n the absence of exceptional circumstances, [the mandate rule] compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). This rule also "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived." Id. The broader law of the case doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (4th Cir. 1988) (internal quotation marks omitted).

In this civil action, the Fourth Circuit's mandate was limited to a reversal of this Court's grant of summary judgment for Herrnberger and Klempa on the grounds that they were entitled to qualified immunity for the frisk and the purse search respectively. Neither this Court's memorandum opinion and order nor the Fourth Circuit's opinion touched directly upon the defendants' liability, but only upon the application of the qualified immunity defense. The issue of liability was never actually litigated before and decided by this Court or the Fourth Circuit. Thus, the Fourth

Circuit's mandate does not preclude the plaintiff from seeking a determination of Herrnberger's liability whether by dispositive motion or trial. Further, while Herrnberger also argues that the plaintiff waived her right to file her motion for partial summary judgment by not appealing this Court's denial of her initial motion for partial summary judgment, that motion was denied because this Court found that the defendants were entitled to qualified immunity. Thus, the parties may not relitigate the issue of whether the defendants were entitled to summary judgment as to the remaining claims on the basis of qualified immunity, but may litigate the merits of the remaining claims.

Second, Herrnberger asserts that the plaintiff's motion for partial summary judgment is untimely and that the plaintiff fails to show good cause for why its untimeliness should be excused. "[A]fter the deadlines provided by a scheduling order have passed, [Federal Rule of Civil Procedure 16(b)(4)'s] good cause standard must be satisfied to justify leave to [file an untimely dispositive motion]." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Good cause requires that the party has been diligent in seeking to abide by the applicable deadlines. Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012).

The plaintiff argues that her untimely motion for partial summary judgment should be entertained because she was unable to confirm until the pretrial order was entered that Herrnberger did

6

not intend to present any additional evidence other than the evidence previously considered by this Court on the prior motions for summary judgment. However, discovery was completed on April 30, 2015 and all expert witnesses were disclosed by June 12, 2015. The parties did not request additional discovery after this civil action was remanded by the Fourth Circuit, and this Court did not order additional discovery. The parties participated in a status and scheduling conference before this Court after the remand, and the plaintiff never requested leave to file a motion for partial summary judgment. Further, this Court ordered supplemental briefing on former defendant Klempa's motion for summary judgment regarding the issue of consent to the search of Kristina Pegg's purse. The plaintiff did not request an opportunity to file her motion at any time during this briefing period and the settlement with Klempa. Because no additional evidence is present in this case that was not present when the parties filed their initial dispositive motions, the plaintiff was fully aware of the relevant evidence and could have sought leave to file her motion for partial judgment any time after the remand. Instead she chose to do so on October 20, 2016, and she has offered no compelling reason for why her failure to seek leave earlier should be excused.

Third, even if the plaintiff's motion is permitted under Rule 16(b)(4), she fails to demonstrate that she is entitled to partial summary judgment. Under Federal Rule of Civil Procedure 56, this

7

Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against that party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Moreover, "[t]he nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (internal quotation marks omitted).  The nonmoving party must produce "more than a 'scintilla'" of evidence "upon which a jury could properly proceed to find a verdict for the party producing it." Id. (internal quotation marks omitted) (quoting Anderson, 477 U.S. at 251).

In his deposition, Herrnberger testified that he did not recall frisking Kristina Pegg or touching her in any way, ECF Nos. 144-6 at 1; 145-4 at 3-4, while Kristina Pegg testified that Herrnberger ran his palms down the sides of her chest, torso, and thighs.  ECF Nos. 144-4 at 4; 145-3 at 18.  Further, both Brandon Pegg and Klempa testified that they did not see Herrnberger frisk Kristina Pegg.  ECF Nos. 145-1 at 13; 145-2 at 6.  Taking these facts in the light most favorable to Herrnberger, a reasonable jury could find he did not actually frisk Kristina Pegg.  The witnesses' testimony presents inconsistencies that must be resolved by a fact-finder by making credibility determinations, which this Court may not make in evaluating a motion for partial summary judgment. See Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991).

Nevertheless, the plaintiff argues that there is no genuine dispute of material fact regarding Herrnberger's liability because Herrnberger has not offered any new facts in opposition to this motion that were not before this Court on the parties' prior dispositive motions. She argues that the Fourth Circuit's conclusion that Herrnberger was not entitled to qualified immunity requires this Court to find that Herrnberger is liable. However, as discussed above, the issue of ultimate liability was never determined by this Court or the Fourth Circuit on appeal. This Court denied the plaintiffs' prior motion for partial summary judgment and granted the defendants' motions for summary judgment based on a finding that the defendants were entitled to qualified immunity. The Fourth Circuit concluded that, at the summary judgment stage, the defendants were not entitled to qualified immunity. Thus, the only relevant issue that has been determined is that the defendants were not entitled to qualified immunity at the summary judgment stage, not that Herrnberger is liable to the plaintiff.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment (ECF No. 143) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 30, 2016

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE