IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


KRISTINA PEGG,

        Plaintiff,

v.                                  Civil Action No. 5:13CV173
                                                    (STAMP)
GRANT HERRNBERGER, individually and
in his capacity as an agent and employee
of the West Virginia State Police,

        Defendant.


**MEMORANDUM OPINION AND ORDER
REGARDING PARTIES' MOTIONS IN LIMINE**

The defendant has filed four motions in limine to preclude the plaintiff from presenting certain evidence, and the plaintiff has filed two motions in limine to preclude the defendant from presenting certain evidence. The trial in this civil action is scheduled to commence on December 6, 2016. This Court will address those motions in limine and set forth its findings, as discussed below.[1]

1.    Defendant's motion in limine to preclude the plaintiff from stating that returning a verdict against defendant will "send a message," "protect the community," or similar statements (ECF No. 105 at 1) - GRANTED IN PART AND DEFERRED IN PART.

The defendant asks this Court to preclude the plaintiff from making statements to the jury that returning a judgment against the

---

[1]For a more thorough background of this civil action, see ECF Nos. 89 and 95.

defendant will "send a message," "protect the community," or other similar statements, presumably made by counsel in opening statements or closing arguments. The defendant argues that such comments are inadmissible under Federal Rule of Evidence 403 because they are designed to inflame the jury's passions or to cause the jury to render a verdict based upon personal concerns outside of the evidence. In response, the plaintiff argues that such statements are permitted in closing arguments and that the defendant cites authority from only criminal proceedings, where courts are most keen to prevent unfair prejudice.

This Court believes that the risk of unfair prejudice is more distinct in opening statements, as the sort of statements the defendant seeks to preclude may have a stronger effect on the jury's evaluation of the evidence and arguments of counsel if made before evidence is presented. Thus, this Court finds that such statements made in the defendant's opening statement present a risk of unfair prejudice that substantially outweighs their probative value, and such statements will not be permitted. However, at this time, this Court is unable to evaluate the risk of prejudice that may be caused if the plaintiff makes such statements in closing arguments. That evaluation will require consideration of the context, timing, and manner of the statement. This matter will be discussed at the charge conference at the conclusion of the

evidence in this case. Accordingly, the defendant's motion is GRANTED IN PART AND DEFERRED IN PART.

2. <u>Defendant's motion in limine to preclude the plaintiff from asserting damages based on the value or importance of constitutional rights</u> (ECF No. 105 at 2) - GRANTED.

The defendant argues that the plaintiff should be precluded from asserting an amount of damages based on the value or importance of the constitutional rights at stake in this civil action. "[T]he basic purpose of § 1983 damages is <u>to compensate persons for injuries</u> that are caused by the deprivation of constitutional rights." <u>Memphis Cmty. Sch. Dist. v. Stachura</u>, 477 U.S. 299, 307 (1986) (internal quotation marks omitted) (emphasis in original). "[T]he abstract value of a constitutional right may not form the basis for § 1983 damages." <u>Id.</u> at 308. However, "compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation . . . , personal humiliation, and mental anguish and suffering." <u>Id.</u> at 307 (internal quotation marks omitted). Thus, a plaintiff may recover only actual damages under § 1983. To the extent that the plaintiff seeks to assert damages based on the importance of the constitutional rights at stake, any such evidence is irrelevant and any probative value is substantially outweighed by the risk of unfair prejudice because it asks the jury to make a

determination of damages outside of those that may be recovered. Accordingly, the defendant's motion is GRANTED.

3. <u>Defendant's motion in limine to preclude the plaintiff from stating that the defendant will not be adversely affected by the rendering of a verdict against him</u> (ECF No. 105 at 2) – DENIED IN PART AS MOOT AND DEFERRED IN PART.

The defendant argues that the plaintiff should be precluded from implying that any damages owed by the defendant may be paid through insurance or some other outside source. In response, the plaintiff represents that she will not suggest that the defendant has insurance. Thus, to the extent that the plaintiff seeks to make statements regarding the defendant's insurance coverage, the defendant's motion is moot. However, the defendant's motion sweeps more broadly and may include other statements regarding the non-monetary adverse affects a judgment may have upon the defendant. To the extent that the plaintiff seeks to make such statements, the defendant's motion is deferred and will be discussed with counsel at the charge conference.

4. <u>Defendant's motion in limine to preclude the plaintiff from introducing comments allegedly made by the defendant</u> (ECF No. 106) – DENIED.

The defendant argues that the plaintiff should be precluded from introducing his alleged prior statements made at his deposition in this civil action and in a separate pending civil

action,[2] characterizing the plaintiff's claims as a "joke." The defendant argues that these comments are not relevant because they do not make it more or less likely that the defendant unlawfully frisked the plaintiff. Alternatively, the defendant argues that any probative value these comments have is substantially outweighed by the risk of unfair prejudice to him because the statements' only purpose would be to inflame the passions of the jury. The defendant also argues that any probative value would be substantially outweighed by the risk of undue delay and waste of judicial resources.

These statements are probative of the defendant's opinion of the plaintiff's claims and of his state of mind, which may provide information that could assist a factfinder in evaluating Herrnberger's testimony at trial and his account of what happened during the traffic stop. Thus, the statements are relevant. Further, the statements are not substantially outweighed by the risk of unfair prejudice to the defendant or the risk of undue delay and waste of judicial resources. Any prejudice to the defendant would be slight because his negative opinion of the plaintiff's claims are not likely to inflame the passions of the jury or reflect so badly upon the defendant that the jury finds in favor of the plaintiff based only on considerations outside of the

---

[2]Brandon and Kristina Pegg filed a separate civil action against the defendant for conduct arising out of a separate traffic stop conducted by the defendant. <u>See</u> 5:14CV116.

evidence. Additionally, the statements do not threaten to delay proceedings or take up a substantial portion of the defendant's trial testimony. Finally, as the plaintiff correctly notes, the statements may not be excluded as hearsay because they are excluded from the definition of hearsay as an opposing party's statement. See Fed. R. Evid. 801(d)(2). Accordingly, the statements are relevant and admissible.

5. Plaintiff's motion in limine to preclude Samuel Faulkner from testifying or, alternatively, to preclude Samuel Faulkner from testifying as to the existence of reasonable suspicion or probable cause or as to the purported "reasonableness" of the defendant's actions in searching the plaintiff's person (ECF No. 108 at 2) – DENIED.

The plaintiff argues that the defendant's designated expert witness, Samuel Faulkner ("Faulkner"), should not be permitted to testify or to express opinions concerning the reasonableness of the defendant's actions because such opinions would be legal opinions that fall beyond the scope of permitted expert testimony under Rule 702. The defendant argues that Faulkner may testify as to whether the defendant followed proper police procedure in conducting the frisk, which would be helpful to the jury in determining whether the defendant's actions were unlawful. He also argues that Faulkner's testimony will otherwise be helpful to the jury in evaluating the defendant's conduct generally. The plaintiff did

6

not depose Faulkner, and this Court's only source of Faulkner's opinions is his expert report. See ECF No. 114-1. Faulkner's report discusses both the defendant and the former defendant's actions during their entire encounter with the plaintiff and former plaintiff. However, the defendant identifies two opinions that are relevant here: (1) that the defendant's frisk of the plaintiff "complied with the officer's training and with accepted law enforcement best practices;" and (2) that "[i]t is normal and customary practice for a law enforcement officer to confirm the driving status of a passenger in a stopped vehicle prior to allowing that passenger to take control of the vehicle that had been stopped." ECF No. 114-1 at 12. The remainder of Faulkner's opinions are not identified by the defendant as being relevant and do not appear to involve the remaining claims in this civil action.

Rule 702 permits a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to provide an opinion and testimony if: (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) the testimony is the product of reliable principles and methods;" and (4) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Further, while an expert may not provide an opinion telling the jury what result to reach, an

expert's opinion may embrace an ultimate issue. Fed. R. Evid. 704(a). The plaintiff does not contest Faulkner's qualifications to be certified as an expert on police practices in this civil action. Rather, she argues that Faulkner's opinions will not be helpful to the jury and are otherwise impermissible opinions on ultimate legal issues.

This Court finds that the two opinions identified by the defendant may be helpful to the jury in evaluating the defendant's conduct generally, in determining whether the defendant's conduct was unlawful, and in evaluating the defendant's purpose in interacting with the plaintiff. Faulkner's opinions regarding whether the defendant followed customary law enforcement training and best practices in interacting with the plaintiff involves "knowledge, skill, experience, training, [and] education," Fed. R. Evid. 702, that is not "within the common knowledge of jurors," Persinger v. Norfolk & W. Ry. Co., 920 F.2d 1185, 1188 (4th Cir. 1990). Thus, Faulkner's opinions may be helpful to the jury in determining the reasonableness of the defendant's actions as well as his motives.

Further, Faulkner's opinions do not embrace ultimate legal issues or tell the jury what result to reach. Rather, Faulkner's relevant opinions deal with the defendant's compliance with police best practices. Faulkner does not offer an opinion that the defendant had reasonable suspicion to frisk the plaintiff or that

8

the defendant otherwise acted reasonably.  Based on Faulkner's expert report, he will be permitted to offer opinions regarding whether the defendant complied with customary law enforcement training and best practices.  Accordingly, the plaintiff's motion is DENIED.

6.   <u>Plaintiff's motion in limine to preclude the defendant from testifying that he had reasonable suspicion to search the plaintiff's person</u> (ECF No. 108 at 6) – DENIED.

The plaintiff asks this Court to preclude the defendant from testifying that he had reasonable suspicion to frisk Kristina Pegg.  She argues that such an opinion would constitute a legal conclusion and that there is no factual basis on which the defendant can base that opinion.  In response, the defendant asks this Court to defer ruling on this motion until trial, arguing that the defendant may testify to his state of mind and other facts surrounding the frisk.

Based on a review of the defendant's deposition testimony, he is expected to testify that he did not frisk the plaintiff and that if he did frisk her, he did not touch her inappropriately.  <u>See</u> ECF No. 114-2 at 7.  The defendant may testify to the facts of his encounter with the plaintiff as he remembers them and his state of mind and beliefs as to the purpose for and reasonableness of his actions, including whether he believed he had reasonable suspicion to frisk the plaintiff.  Such testimony does not tell the jury what result to reach, but provides critical evidence regarding the facts

of the encounter and the defendant's state of mind.  Accordingly, the plaintiff's motion is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 1, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE